# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1133V
Filed: March 24, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DENISE GUZMAN, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Glenn A. MacLeod*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 6, 2015, Ms. Guzman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she received an influenza ("flu") vaccine on October 22, 2013, and thereafter suffered a left shoulder injury including tendinitis and adhesive capsulitis as a result of the flu vaccine. Petition at 1. On February 10, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 14).

On February 24, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 18). Petitioner requests attorneys' fees in the amount of $13,473.50, and attorneys' costs in the amount of $927.91 for a total amount of $14,401.41. *Id.* at 2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On March 14, 2016, respondent filed a response to petitioner's motion. (ECF No. 19). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 2. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id. at fn. 2.* Additionally, she asserts that "[r]espondent's estimation of reasonable attorney's fees and costs for the present case roughly falls between $10,000.00, to $12,000.00," but provides no basis or explanation for how she arrived at this proposed range other than that the range is based on her judgment and "overall sense" of what is reasonable for the work done in this case. *Id.* at 2.

On March 16, 2016, petitioner filed a reply. (ECF No. 20). Petitioner argues that respondent has provided "no precise objections" and "no data whatsoever to support this range, citing only experience" of what respondent believes the range for fees and costs in this case should be. *Id.* at 3. Petitioner includes a list of the attorneys' fees and costs awarded petitioner's counsel since 2014.[3]

Petitioner requests additional attorneys' fees in the amount of $1,275.00 (five hours of time) for preparing the reply. *Id*. She has not, however, provided specific billing entries describing how this time was expended. The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, $1,275.00.[4] Thus, the total amount awarded for attorneys' fees and costs is $**15,676.41**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs as set forth above.[5]

---

[3] Although helpful information, the undersigned does note that many of the cases cited involved different circumstances than the present case. For example, in one case an evidentiary hearing was held, and in another case a life care planner was required.

[4] The undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

[5] The undersigned is granting petitioner's motion based on the reasonableness of the overall amount sought for attorneys' fees and costs given the circumstances in this case. This decision should not be interpreted as an acceptance of the reasonableness of either the hourly rate or amount of hours billed in this case. In other cases, the undersigned may reduce either the hourly rate requested or the amount of hours billed.

      **Accordingly, the undersigned awards the total of $15,676.41,[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Muller Brazil, LLP.**

      The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

                                                        **s/Nora Beth Dorsey**
                                                        Nora Beth Dorsey
                                                         Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.